IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SERENA L. SMITH                                                                                   PLAINTIFF

vs.                                          Civil No. 2:22-cv-02194

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION                                                          DEFENDANT

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Serena L. Smith ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

**1.      Background:**

On December 4, 2019, Plaintiff protectively filed her disability application. (Tr. 11).[1] In this application, Plaintiff alleges being disabled due to sciatica, arthritis, bipolar disorder, depression, panic attacks, IBS, hemorrhoids, and a bulging disc. (Tr. 228). Plaintiff alleges an onset date of December 1, 2019. (Tr. 11). This application was denied initially on April 8, 2020,

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 7. These references are to the page number of the transcript itself not the ECF page number.

1

and it was denied again on reconsideration on June 18, 2020. (Tr. 11).

Plaintiff had two administrative hearings. (Tr. 27-66). After the second administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 8-26). This decision was entered on December 23, 2021. In this decision, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 4, 2019, her application date. (Tr. 13, Finding 1). The ALJ found Plaintiff had the following severe impairments: right hip pain, spondylolisthesis, degenerative joint disease of the bilateral knees, and bipolar disorder. (Tr. 13-14, Finding 2). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 14-16, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective allegations and determined her Residual Functional Capacity ("RFC"). (Tr. 16-19, Finding 4). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except occasionally climb, balance, stoop, kneel, crouch, or crawl, can perform work where tasks are detailed but not complex, e.g. grocery checker, complexity of tasks is learned by experience, several variables, judgment within limits, and supervision that is little for routine but detailed for non-routine.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform her PRW. (Tr. 19-20, Finding 5). The ALJ also determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 20-21). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ found Plaintiff retained the capacity to perform the following unskilled, light occupations: (1) office helper with approximately 50,000 such jobs in the national economy; (2)

sales attendant with approximately 250,000 such jobs in the national economy; and (3) garment sorter with approximately 55,000 such jobs in the national economy. (Tr. 20-21). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from December 4, 2019, through the date of his decision or through December 29, 2021. (Tr. 21, Finding 10).

Plaintiff requested the Appeals Council's review of the ALJ's unfavorable disability determination. On October 21, 2022, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-5). On December 21, 2022, Plaintiff filed the present appeal. ECF No. 1. The Parties have filed appeal briefs. ECF Nos. 9, 14. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden

of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In her appeal brief, Plaintiff raised the following four arguments for reversal: (A) the ALJ erred by failing to fully and fairly develop the record; (B) the ALJ erred at Step Two of the

sequential analysis; (C) the ALJ erred in assessing the credibility of her subjective complaints; and (D) the ALJ erred in addressing her severe impairments. ECF No. 9 at 1-18. Upon review, because the Court finds the ALJ erred in assessing Plaintiff's subjective allegations and in assessing her RFC, the Court will only address the third issue for reversal.

The Court notes that in assessing the subjective allegations of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective allegations of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective allegations. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective allegations are not entirely reliable, the ALJ's determination of subjective allegations is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

discount Plaintiff's subjective allegations "solely because the objective medical evidence does not fully support them [the subjective allegations]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's subjective allegations of pain, the ALJ must make a specific determination regarding that claimant's subjective allegations, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the Court finds the ALJ did not provide sufficient reasons for discounting Plaintiff's subjective allegations. In his opinion, the ALJ discounted Plaintiff's subjective complains in the following cursory manner:

> Based on the foregoing, the undersigned finds the claimant has the above residual functional capacity assessment, which is supported by the objective medical evidence and other evidence in the record as a whole, as well as the persuasiveness of the hearing testimony and the opinion evidence. In reaching the conclusion that the claimant can perform work at the light exertion level with the additional limitations, the undersigned has considered the functional limitations from all the claimant's medically determinable impairments, including any impairments that are not severe. Furthermore, the undersigned has considered the claimant's subjective complaints and statements about the intensity, persistence, and limiting effects of their symptoms and any evidence relating to the claimant's daily activities, the duration, frequency, and intensity of the claimant's pain, the dosage and effectiveness of medication, precipitating and aggravating factors, and functional restrictions. While these factors have not been set forth in a methodical fashion, the undersigned considered these factors relative to the limitations caused by the claimant's impairments. Accordingly, the undersigned finds the claimant has the above residual functional capacity.

(Tr. 19).

Based upon this review, and in light of this limited assessment, the Court finds the ALJ improperly discounted Plaintiff's subjective allegations without properly considering the *Polaski* factors and based upon her medical records. *See Polaski,* 739 F.2d at 1322 (holding a claimant's subjective allegations cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective allegations]"). Accordingly, because the ALJ provided an insufficient basis for discounting Plaintiff's subjective allegations, this case must be reversed and remanded.

**4.      Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends it be **REVERSED AND REMANDED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger** ***de novo*** **review by the district court.** *See Thompson v. Nix***, 897 F.2d 356, 357 (8th Cir. 1990).**

ENTERED this 7th day of June 2023.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE